PETROPLUS, JUDGE:
The claimants have filed a claim for personal injuries, medical expenses, loss of earnings and damage to an automobile resulting from ah accident that took place on November 2, 1969, at about 9:30 A.M. in the morning, on West Virginia Route 8 about one-quarter of a mile north of the junction of said Route 8 and State Route 2 in Hancock County, West Virginia. The claim is based on the alleged negligence of the West Virginia Department of Highways in the paving and maintenance of the hard-surfaced roadway of Route 8. Some time in 1967 or 1968, the travelled width of the road, which was 18 feet, was widened to approximately 24 feet by adding a macadam strip on each side of the road. The road improvement was made by a general contractor who added a three inch slag base or aggregate, compacted it, and covered the extended width with a layer or layers of bituminous coated aggregate. The old road which was a concrete road before the improvement was also coated with bituminous. This type of road improvement leaves a crack where the widening takes place, and because of inadequate compaction or different methods of compaction, as time goes on through wear and tear on the road and weather the crack or seam where the widening takes place separates and the elevation of the old road surface varies from the elevation of the widened portion because of settling. In the testimony of the respondent’s maintenance engineer it was admitted that widening process creates hazards when the separation between the old and new pavement extends to 2 or 4 inches, particularly where there may be a difference in elevation.
*30 At the place of the accident, according to the testimony of the claimants, a seam or gap had developed varying from 2 or 3 inches in width, which trapped the right front wheel of the automobile, which Margaret Swartzmiller was driving at approximately 30 miles per hour, causing it go out of control. The steering wheel was momentarfily wrested out of her hands, and the car was driven into the guardrail on the side of the road two or three times and eventually brought under control about a block or a block and a half from the alleged road defect. Mrs. Swartzmiller suffered personal injuries and damages to the automobile in the amount of $296.18. It was further developed in the testimony that the respondent had been notified of the hazard prior to the accident and had neglected to take proper measures to repair the road so that it would be safe for ordinary travel.
Whether the road defect constituted an unreasonable hazard, or whether the State was guilty of negligence in failing to keep the road in proper repair is an issue that need not be decided under all the circumstances of this accident. It appeared from the testimony that the claimant was not exercising ordinary and reasonable care in the operation of her motor vehicle at the time of the accident. The accident occurred in the daytime on a roadway that she had travelled many times in the vicinity of her home over a period of five years. She must have been thoroughly familiar with the condition of the road. It was a wet day and the seams in the added portions of the roadway, indicating that its width had been extended were visible, and she must have been aware that they existed. After she lost control of her automobile by reason of the tire striking the break in the blacktop of the pavement, according to her testimony, the car hit and bounced off the guardrail a number of times and traveled about a block and half before it could be brought under control and stopped. The road was apparently slick and upon questioning by the Court Mrs. Swartzmiller repeatedly stated that the automobile travelled about 750 feet after she lost control, and before it could be brought to a stop. This testimony is not consistent with her former testimony that she was travelling at approximately 30 miles an hour. A vehicle travelling at that rate of speed, even on a wet pavement, should be brought to a stop much sooner, allowing for reaction time and the shock of striking the guardrail. It is the finding of the Court that the physical facts of this case create an inescapable inference that *31 the claimant was travelling at an excessive rate of speed, taking into consideration the condition of the highway, the existence of a crease where the road had been widened, the wet surface and all other circumstances relating to the accident.
Having failed to exercise ordinary care for her safety in the operation of her automobile, we are constrained to find that even if we assume that the respondent was guilty of negligence in the maintenance of the roadway, the contributory negligence of the driver was the proximate cause of her accident. It is well settled law that no recovery will be allowed for injuries where it appears that the person injured was guilty of contributory negligence, or even where the injury was the result of the concurring negligence of the parties. This principle has been applied in many cases involving injuries while driving motor vehicles. Persons using the highways must be reasonably alert to perceive any warning of danger and must exercise reasonable care for their safety considering the surrounding hazards. Budget limitations and other exigencies make it impossible for the State to maintain its highways in a safe condition, for high speed travel at all times under all circumstances, and many roads in our State are unsafe for travel at speeds that are not commensurate with the conditions of the road. To operate a motor vehicle in disregard of visible hazards, such as potholes or breaks in the pavement, of which a driver is aware or in the exercise of reasonable care should be aware, constitutes assumption of a known risk which bars recovery.
Under the facts of this case it is the finding of the Court that the claimant had knowledge of the specific defect or dangerous condition of the road and that she failed to use the care for her own safety which an ordinary and reasonably prudent person would have used under the circumstances.
For the reasons stated herein, the claim is disallowed.
Claim disallowed.