GARDEN, JUDGE:
On March 8, 1973, the respondent was conducting a ditch lining operation on the east side of State Route 214 near South Charleston in Kanawha County, West Virginia. In the instant case, ditch lining consisted of removing mud and debris from the ditch along the east side of the road and pushing the same with a road grader across the highway for disposition. It was admitted by respondent that during this operation a certain amount of the mud and debris was left on the surface of the road creating a slippery condition. This ditch lining operation was being conducted over a 300-foot section of the highway. While State Route 214 runs in a general north-south direction, the accident occurred in a rather sweeping curve to the right for a motorist proceeding in a northerly direction. The roadway *137 in the area of the accident was level, the weather was good and visibility clear. Respondent had positioned a flagman at each end of the ditch lining operation to control traffic, and respondent’s foreman, Lewis Caruthers, had positioned himself in the curve where he could observe and control the activities of the two flagmen and thus the flow of traffic.
The claimant testified that she was driving her 1968 Dodge Polara automobile in a northerly direction on State Route 214 and was proceeding to her place of employment in Charleston from her home in Alum Creek, a distance of some 17 miles; that as she approached the ditch lining operation she was the middle car of three cars that were directed by the flagman to proceed through the work area; that while she may have come to a rolling stop, none of the three vehicles were actually stopped by the flagman; that after she had proceeded some 25 to 30 yards over the road covered by debris, the driver of the car in front of her, a red medium sized compact car, applied his brakes and started skidding; that claimant was some two to three car lengths behind this car, and upon observing it skidding, she applied her brakes and likewise went into a skid and ultimately skidded off the road into the ditch and hillside on the east side of the road damaging the front end of her car; that before applying her brakes she was traveling between 10 to 15 miles per hour, although on cross examination she indicated that her speed could have been between 15 to 20 miles per hour.
The respondent’s foreman, Lewis Caruthers, and its road grader operator, Harold E. Songer, Jr., testified on behalf of the Department of Highways. Their testimony was in sharp conflict with that of the claimant. Caruthers testified that he observed the flagman stationed at the south end of the operation cause the claimant to bring her automobile to a complete stop, and that he, Caruthers, motioned to the flagman to allow traffic to come through; that the claimant’s vehicle was the lead car of two that proceeded north through the work area. Witness Songer, who was operating the grader either in the south bound lane or on the berm of the west side of the road in the immediate area of the accident, testified that as claimant proceeded through the work area there were no cars in front of her. In respect to the speed of the claimant’s car, both of these witnesses, although being unable to express an opinion as to speed in miles per *138 hour, did opine that claimant was going too fast for the prevailing road conditions and faster than the 15 miles per hour limit which was posted on signs at each end of the work area.
Counsel for claimant contends that the respondent was negligent in causing the road at the point of the accident to become slippery and in failing to remove the mud and debris from the same. On the other side of the coin, the respondent, while admitting the slippery condition of the road, contends that it was conducting its ditch lining operation in a reasonable manner and was taking all necessary steps to warn and safeguard motorists passing through the work area. Respondent further contends that claimant was negligent in operating her automobile too fast through the work area and that this negligence was the proximate cause of the accident.
While this Court agrees that respondent is under a legal duty to keep the highways of this State in a reasonably safe condition for the use of the traveling public, it is also aware that in fulfilling this duty it becomes necessary, during ditch lining operations and in other instances, for the respondent to create temporarily hazardous conditions. When this occurs, it then becomes respondent’s duty to fully and adequately warn the traveling public of these temporary conditions.
We believe, as triers of fact, that the preponderance of the evidence clearly demonstrates that respondent fully met and complied with this legal duty. We are of the further opinion that the weight of the evidence establishes that the claimant was operating her automobile at a speed that was too fast for the prevailing road conditions, and that the accident and damage to her car resulted from her own negligence. We are thus of the opinion to make no award.
No award.