WALLACE, JUDGE:
Horace Mann Insurance Company as Subrogee for Agnes Stewart Bradshaw filed its claim in the amount of $3,356.62 representing damages to her automobile.
On February 14, 1976, Agnes Stewart Bradshaw was driving her 1971 Corvette Stingray westerly on West Virginia Route 61 in Kanawha County, West Virginia proceeding from Pratt to *238 Charleston. She had started her trip at approximately noon. As she was leaving Crown Hill traveling on a straight stretch of road toward East Bank, her car hit a bump or dip in the road which threw her car into the oncoming lane of traffic. There were two cars coming from the other direction. She turned the steering wheel to her right to avoid hitting the oncoming cars and, in doing so, her car went out of control, crossed the highway and over the embankment on the right hand side of the road. She testified that she had previously driven the road in December just before Christmas. She further stated that she was proceeding at 30 to 35 miles per hour and did not see the bump or dip prior to hitting it. The speed limit was 55 miles per hour. There were no cars in front of her nor were there any signs warning of any defect in the road.
Counsel for both parties stipulated that the distance from the beginning of the straightaway to the dip was 982 feet and that the length of dip was 40 feet.
Jack C. Hutchinson, the operator of the wrecker service which towed the car in, testified on behalf the the claimant. He stated that he traveled the road every day and was familiar with the road and the dip. He testified that the dip could be seen when approaching it in an automobile but the depth was not ascertainable. The dip was in existence at Christmas time but became worse in January due to rains. He also stated that he drove the road at the maximum speed limit of 55 miles per hour but slowed down to 35 to 40 miles per hour when approaching oncoming cars.
This Court has held on many occasions that the State is not a guarantor of the safety of its travelers on its roads. The oft-cited case of Adkins vs. Sims, 130 W.Va. 645; 46 S.E. 2d 81 holds that the user of the highways travels at his own risk and that the State does not and cannot assure him a safe journey.
In the instant case the accident occurred in the daytime on a straight stretch of road. The claimant stated that she did not see the defect in the road but the witness who testified on her behalf stated that the dip could be seen and had existed since Christmas time. The claimant’s insured’s testimony indicates that when her car hit the dip she lost control of her automobile which caused it to go over the embankment.
To operate a motor vehicle in disregard of visible hazards, such as potholes or breaks in the pavement, of which a driver is aware or on the exercise of reasonable care should be aware, constitutes *239 assumption of a known risk which bars recovery. Swartzmiller vs. Department of Highways, 10 Ct. Cl. 29 (1973). On the basis of testimony and evidence presented in this case, the Court is of the opinion and finds that the claimant is barred from recovery and the claim is disallowed.
Claim disallowed.