WALLACE, JUDGE:
At approximately 6:10 p.m. on January 27, 1979, the claimant, Frank R. Godbey, was operating his 1973 Buick automobile in a westerly direction on Interstate 64 between the Institute and Cross Lanes exits in Kanawha County, West Virginia. The claimant testified that it was starting to snow and the road was wet. About a mile ahead of him, claimant saw a truck with the back end raised, spreading salt. As the claimant proceeded around the truck in the passing lane, the side of his car and the windshield were pelted with salt. Claimant then took the Cross Lanes exit and went home. *89 Upon arriving home, he noticed a four-inch crack in the windshield of his automobile. This he attributed to the salt-spreading truck which, he testified, belonged to the Department of Highways.
In order for the claimant to recover in this case, it must be established that negligence on the part of the respondent was the proximate cause of the damages suffered by the claimant.
This Court has recognized that the respondent is under a legal duty to keep the highways of this State in a reasonably safe condition, and, at times, it becomes necessary for the respondent to create temporarily hazardous conditions, against which the respondent must adequately warn the public. McArthur v. Dept. of Highways, 10 Ct. Cl. 136 (1974). If the truck in the instant case were creating a hazardous condition by spreading salt upon the highway, the evidence discloses that adequate warning was being given. The claimant himself testified that the truck “had a flasher” and was travelling “slower than 40 miles per hour.”
Even if the respondent were found to be negligent in some way, the actions of the claimant bar recovery. The claimant was fully aware of the position of the vehicle ahead. He testified, “The back end was raised up so high that I hadn’t seen them that high before,” yet claimant proceeded to pass the vehicle.
To operate a motor vehicle in the face of visibile hazards of which a driver is aware, or, in the exercise of reasonable care, should be aware, is to assume a known risk. This bars recovery. Swartzmiller v. Dept. of Highways, 10 Ct. Cl. 29 (1973).
In accordance with the foregoing, this claim must be denied.
Claim disallowed.